DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Edward Knapick, | ) | |
| | ) | CASE NO. 4:99CV1578 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Resolving Doc. No. 20) |
| Frederick Hanley, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court is Plaintiff Edward Knapick's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. No. 20.) This Motion has been fully briefed. (See Doc. Nos. 25, 31, 36, 37.) Because the Court concludes that Knapick did not file this Motion within a reasonable time as required by Rule 60(b), the Motion is DENIED.

## I

On June 30, 1999, Knapick initiated the instant action against Defendants Frederick Hanley, Howard Bradley, Joseph Gleydura, Frank McClain, Eli Moga, and Richard Goterba, who were Hubbard Township officials. Knapick alleged that the Defendants violated his civil rights by refusing to zone his land as commercial/B3 with a light industrial designation. As relief, Knapick sought the re-zoning of his land and damages for the loss of income he purportedly suffered. The Defendants contended that they had not violated Knapick's civil rights because he could obtain the re-zoning of his land by merely complying with the established zoning procedures.

On November 12, 1999, the Honorable Peter C. Economus, United States District Judge for

(4:99CV1578)

the Northern District of Ohio conducted a case management conference (CMC) in this matter.[1]  In

addition to Judge Economus, present at the CMC were John Latchney, counsel for Defendants; Mark

Finamore, the Township Solicitor on behalf of the Defendants; Alan Belkin, counsel for Knapick; and

Knapick.  Initially, Knapick was asked to wait in the lobby while Judge Economus discussed this

matter with counsel.  During this discussion, Latchney offered to pay Knapick $500 and re-zone the

land in exchange for the dismissal of the federal law suit and a previously filed state law suit and for the

removal of trash and debris from the property.  Belkin then indicated that he had obtained a $1500

retainer from Knapick and, therefore, would recommend that at least that amount be offered as a

settlement figure.  Latchney agreed to the $1500 figure, and Belkin left to discuss the matter with

Knapick.

Belkin returned from discussing the matter with Knapick and indicated that Knapick had

agreed to the settlement.  Belkin also requested that Judge Economus meet with Knapick because

Knapick had never seen him.  Judge Economus agreed to meet with Knapick.  During the meeting

between Judge Economus and Knapick, Belkin described the terms of the settlement agreement and

then asked Judge Economus to confirm that those terms were consistent with his understanding of the

settlement agreement, which he did.  Belkin then asked Knapick to confirm that he understood the

terms of the settlement, which he did.  Knapick contends that Belkin only described the agreement as a

proposed settlement agreement, and Knapick claims that he did not agree to anything.  Judge

---

[1]This case was initially assigned to Judge Economus.  However, upon Knapick's filing of the
instant Rule 60(b) Motion, Judge Economus found it necessary to recuse himself pursuant to 28 U.S.C.
§ 455(a).  The case was then reassigned to the undersigned.  (Doc. No. 21.)

2

(4:99CV1578)

Economus, however, understood that this matter had been settled and, on December 8, 1999, closed

the case. (Doc. No. 8.)

As they left the CMC, Belkin requested that Latchney provide him with the formal settlement

papers as quickly as possible.  Belkin and Knapick walked to their cars together and had further

discussions regarding the settlement, e.g., how long it would take to receive the formal papers, when

the zoning change would go through, etc.  However, Latchney was delayed in preparing the documents.

In January of 2000, Knapick attempted to contact Belkin regarding the status of his case.  Knapick,

however, was unable to reach Belkin and decided, therefore, to call the court.  He spoke with Judge

Economus' courtroom deputy who notified him that the case had been closed because it had been

settled.  Knapick claims that this is the first time that anyone informed him the case would be closed.

It was not until March of 2000 that Belkin received the settlement papers from Latchney.

While the settlement conformed to the general structure of the agreement that the parties had reached,

some of the specific terms regarding permits that may or may not be required were problematic.  Belkin

forwarded the settlement papers to Knapick.  At their meeting to discuss the terms of the formal

settlement agreement, Knapick indicated to Belkin that he had not agreed to any settlement.

Specifically, Knapick contended that he had not agreed to settle his damages claims.  Knapick also

indicated that the terms regarding permits were unacceptable, and he refused to sign the settlement

agreement.

The Defendants then filed a Motion to Enforce the Settlement Agreement on April 13, 2000.

Because Belkin believed that a settlement agreement had been reached and felt that he, therefore, could

(4:99CV1578)

not in good conscience oppose the Motion to Enforce, he requested that Judge Economus permit him to withdraw as counsel.  Judge Economus permitted Belkin to withdraw as Knapick's counsel on May 16, 2000.  On June 22, 2000, Judge Economus conducted a hearing on the Motion to Enforce, at which Knapick appeared pro se.  Judge Economus heard testimony from Latchney, Belkin, and Knapick.  At the conclusion of the hearing, Judge Economus found that Knapick had orally agreed to settle the dispute and that the additional conditions the Defendants were requesting were not unreasonable.  On July 6, 2000, Judge Economus entered a Memorandum, Opinion, and Order and Judgment Entry granting the Motion to Enforce the Settlement Agreement. (Doc. Nos. 13, 14.)

Knapick, continuing to proceed pro se, then appealed this decision to the United States Court of Appeals for the Sixth Circuit.  Knapick, however, did not have a transcript of the hearing before Judge Economus prepared for his appeal.[2]  On March 15, 2001, the Sixth Circuit affirmed Judge Economus' decision because there was nothing in the record to counter his factual findings and, therefore, no basis to conclude that Judge Economus had abused his discretion. (Doc. No. 18.)  The Sixth Circuit issued its Mandate on April 6, 2001, which was received on April 12, 2001. (Doc. No. 19.)  Knapick claims that he subsequently filed a Petition for a Writ of Certiorari in the United States Supreme Court in the later part of 2001, but "the Clerk denied the filing as being out of rule and untimely." (Plf.'s Mot. (Doc. No. 20) at 3.)

Knapick did not proceed any further in prosecuting his claim until, through counsel, he filed the

---

[2]Apparently, Knapick was either mistakenly informed or under the mistaken belief that no transcript of the hearing existed.  The Court now has a copy of this transcript.

4

(4:99CV1578)

instant Rule 60(b) Motion on June 25, 2004, over two and a half years after his cert. petition was

purportedly denied, more than three years after the Sixth Circuit had issued its Mandate resolving his

appeal, and nearly four years after Judge Economus had entered Judgment against him enforcing the

settlement agreement.  Knapick contends that he is entitled to relief from judgment because he would

not have agreed to the settlement had he known of the conditions, because he was hampered in his

ability to represent himself at the hearing before Judge Economus due to his hearing problems, and

because the primary witness against him at the hearing was his attorney Belkin who resigned from the

practice of law in April of 2002 due to charges of impropriety while representing other clients.

## II

Under Fed. R. Civ. P. 60(b), "the court  may relieve a party or a party's legal representative

from a final judgment, order, or proceeding for [six] reasons[.]" Those six reasons are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence which by due diligence could not have been discovered in time to move for a
> new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment
> is void; (5) the judgment has been satisfied, released, or discharged, or a prior
> judgment upon which it is based has been reversed or otherwise vacated, or it is no
> longer equitable that the judgment should have prospective application; or (6) any other
> reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  It is within the court's discretion whether to grant such relief.  See McCurry v.

Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002) ("By providing that a District

Court 'may' relieve a party from a final judgment or order, Rule 60(b) allows for some discretion in

determining whether to grant such relief.").  However, the party seeking relief from judgment must make

(4:99CV1578)

the Rule 60(b) motion "within a reasonable time." Fed. R. Civ. P. 60(b).  Here, Knapick seeks relief

pursuant to Rule 60(b)(6), "any other reason justifying relief from the operation of the judgment."[3]

Whether a Rule 60(b)(6) motion is brought within a reasonable time depends on the factual

circumstances of each case. In re Abdur'Rahman, 392 F.3d 174, 185 (6th Cir. 2004) (en banc) (citing

Smith v. Sec'y of Health and Human Serv., 776 F.2d 1330, 1333 (6th Cir.1985)).  The facts that a

court should consider "includ[e] length and circumstances of delay in filing, prejudice to opposing party

by reason of the delay, and circumstances warranting equitable relief." In re G.A. D., Inc., 340 F.3d

331, 334 (6th Cir. 2003) (citing  Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990)).

In United States v. Dailide, 316 F.3d 611, 618 (6th Cir. 2003), the court held that the

defendant had not brought his Rule 60(b)(4) motion within a reasonable time of the disposition of his

case.  There, the defendant filed his Rule 60(b)(4) motion within four months of the disposition of his

appeal, but approximately four years after the district court initially entered judgment against him. Id. at

617-18.  The court, noting that it had held periods of three years and five years as too long to constitute

a reasonable time, concluded that his Rule 60(b) motion was untimely even though it was filed within

months of the resolution of his appeal because "there is no rule that would have prevented [him] from

filing his collateral motion while his appeal was pending." Id. at 617-18 (citing Manohar v. Massillon

_____

[3]The Court is not certain that subsection (6) is the appropriate Rule 60(b) subsection under
which to bring this Motion.  Subsections (1) or (2) may be more appropriate because Knapick appears
to be arguing either "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered
evidence."  However, applying either of these subsections would only strengthen the Court's conclusion
that the Motion was not timely filed because Rule 60(b) explicitly requires that motions brought
pursuant to subsections (1) or (2) to be filed within one year of the judgment.

(4:99CV1578)

<u>Cmty. Hosp.</u>, No. 99-3481, 2000 WL 302776 at *1 (6th Cir. March 17, 2000) (five years too long);

<u>Ohio Cas. Ins. Co. v. Pulliam</u>, No. 96-6522, 1999 WL 455336 at * 3 (6th Cir. June 23, 1999) (three

years too long)).  Thus the reasonable time requirement is not tolled while one is appealing the

disposition of his case.

  Here, Judge Economus issued the Memorandum Opinion and Order and the Judgment Entry

enforcing the settlement agreement on July 6, 2000. (Doc. Nos. 13, 14.)  Additionally, the Sixth Circuit

issued its mandate affirming the decision of Judge Economus on April 6, 2001, and it was received on

April 12, 2001.  However, Knapick did not file his Rule 60(b)(6) Motion until June 25, 2004, nearly

four years after judgment had been entered against him, over three years since the Sixth Circuit issued

its mandate resolving his appeal, and more than two and a half years after the Supreme Court

purportedly rejected his Petition for a Writ of Certiorari.  Thus, like the defendant in <u>Dailide</u>, Knapick

did not file his Rule 60(b) Motion until approximately four years after judgment had been entered

against him.  Moreover, unlike the defendant in <u>Dailide</u>, Knapick did not file his Rule 60(b) Motion

promptly upon the resolution of his appeal.  Furthermore, Knapick points to no rule that would have

prevented him from raising this Motion while his appeal was pending. Consequently, as in <u>Dailide</u>,

Knapick did not file his Rule 60(b) Motion within a reasonable time.  Accordingly, Knapick's Motion

for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) is DENIED because it was untimely.

  Knapick contends that he has acted within a reasonable time because he had been proceeding

pro se in this matter.  However, while courts hold pleadings filed by pro se litigants to a less stringent

standard than those filed by lawyers, procedural rules in ordinary civil litigation are not interpreted so as

(4:99CV1578)

to excuse mistakes by those who proceed without counsel. In re G.A. D., Inc., 340 F.3d at 335 (citing

Haines v. Kerner, 404 U.S. 519, 520, (1972); quoting McNeil v. United States, 508 U.S. 106, 113

(1993)).  Thus, the fact that Knapick was acting without counsel in this matter does not excuse him

from the requirement of filing his Rule 60(b) Motion within a reasonable time of the judgment.  Because

Knapick did not file his Motion within a reasonable time, the Motion is denied.

### III

For the foregoing reasons, Plaintiff Edward Knapick's Motion for Relief from Judgment

pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. No. 20) is DENIED.


IT IS SO ORDERED.


   April 29, 2005                                          /s/ David D. Dowd, Jr.
Date                                                 David D. Dowd, Jr.
                                                     U.S. District Judge

8